IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>KENNETH EUGENE BOZARTH,<br><br>    Defendant. | CR 05-30042-AA<br><br>OPINION AND ORDER |

AIKEN, Judge:

On October 13, 2005, the court heard oral argument on defendant's Motion to Dismiss the indictment. The motion is denied.

Defendant is charged with four counts of filing false tax documents in violation of 26 U.S.C. § 7206(1). Section 7206(1) provides, in pertinent part that "any person who . . . [w]illfully makes and subscribes any return, statement, or other document,

1   - OPINION AND ORDER

which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . shall be guilty of a felony . . . ." Penalties for violating § 7206(1) include imprisonment up to three years, a fine up to $100,000, or both. 26 U.S.C. § 7206.

Defendant moves for dismissal of the indictment on grounds that the United States Department of the Treasury has not promulgated regulations implementing § 7206(1), and therefore, no criminal offense has been charged as a matter of law. Defendant is incorrect. Section 7206 expressly imposes criminal penalties for enumerated acts rendered unlawful under the statute. The cases cited by defendant are inapposite, as they involve statutes that do not impose criminal penalties. See California Banker's Ass'n v. Schultz, 416 U.S. 21 (1970) (discussing Bank Secrecy Act of 1970); United States v. Mersky, 361 U.S. 431 (1960) (discussing Tariff Act case brought under 19 U.S.C. § 1304). Therefore, no implementing regulations are required to enforce § 7206(1).

Defendant also relies upon United States v. Levy, 533 F.2d 69 (5th Cir. 1976), where the Fifth Circuit held that § 7206(1) is "intended it to apply to any statement or document then, or thereafter, required either by the Internal Revenue Code or by any regulation lawfully promulgated by the Secretary for the enforcement of the Code." Id. at 973. In other words, under Levy,

a document containing an allegedly false statement must be expressly required by statute or regulation to support prosecution under § 7206(1).

The government notes that the Fifth Circuit has limited *Levy*'s application and authorized prosecution under § 7206(1) based on schedules or other forms submitted with a tax return, even though such schedules are not expressly required by statute or regulation. See <u>United States v. Damon</u>, 676 F.2d 1060, 1063-64 (5th Cir. 1982); <u>United States v. Taylor</u>, 574 F.2d 232, 237 (5th Cir. 1978); see also <u>United States v. Edwards</u>, 777 F.2d 644, 652 (11th Cir. 1985); <u>United States v. Franks</u>, 723 F.2d 1482, 1486 (10th Cir. 1983) ("Like the Fifth Circuit, in cases decided subsequent to [*Levy*] we do not believe the rationale of *Levy* should be extended, and, in our view, such does not apply to the schedules here appended to a Form 1040, or to an answer made in response to a question contained in the Form 1040.").

Further, the Second Circuit has flatly rejected the reasoning and conclusion in *Levy*. <u>United States v. Holroyd</u>, 732 F.2d 1122, 1127 (2d Cir. 1984) ("We thus conclude that 26 U.S.C. § 7206(1) means what it says on its face. It applies to any verified return, statement or other document submitted to the IRS."). Given the limitations or outright rejection of the rationale in *Levy*, I do not find it persuasive in the absence of Ninth Circuit precedent holding that a prosecution under § 7206(1) for filing false tax

documents must be based on documents expressly required by statute or regulation.

## CONCLUSION

Defendant's Motion to Dismiss Indictment (doc. 7) is DENIED.

IT IS SO ORDERED.

Dated this 25 day of October, 2005.

                                    /s/ Ann Aiken
                                    Ann Aiken
                          United States District Judge