IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR 05-30042-PA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENNETH EUGENE BOZARTH, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, J.**

A jury found defendant Kenneth Eugene Bozarth guilty on four counts of making false declarations on IRS currency transaction reporting forms. Defendant moves for arrest of judgment and for judgment of acquittal. I deny the motions.

## DISCUSSION

**I. Motion for Arrest of Judgment**

Defendant moves to arrest the judgment. He argues that the indictment did not properly charge a criminal offense because the

1 - ORDER

United States Department of the Treasury did not promulgate regulations implementing the statute under which defendant was charged, 26 U.S.C. § 7206(1).

### A. Standards

The court "on motion of a defendant shall arrest the judgment if the indictment or information does not charge and offense or if the court was without jurisdiction of the offense charged." Fed. R. Crim. P. 34. The district court has discretion in deciding whether to grant a motion for arrest of judgment. See United States v. Rodriguez, 360 F.3d 949, 955 (9th Cir. 2004).

### B. Discussion

This court has already rejected defendant's argument in a previous order denying defendant's pretrial motion to dismiss the indictment. See docket no. 25 (Opinion and Order of Oct. 25, 2005). I agree with Judge Aiken that § 7206(1) prohibits the filing of false tax documents even if the documents are not expressly required by statute or regulation. Id. at 3-4. I deny defendant's motion to arrest judgment.

## II. Motion for Judgment of Acquittal

Defendant moves for judgment of acquittal. Defendant contends that the evidence did not establish the elements of the crimes charged in the indictment.

2 - ORDER

### A. Background

I will describe the 8300 form that is the basis for the first count. The other three counts are based on similar 8300 forms, with a different person named in each form.

On the 8300 form supporting count 1, defendant wrote in the name of Emma Rock as both the "individual from whom the cash was received" and as the "business that received cash." The jury could find that defendant used Rock's name because she is a former California tax official who had attempted to collect an unpaid fine from defendant in 1987. Defendant also had disputes of various kinds with the other three persons he named in the 8300 forms.

Defendant gave his own name as the "person on whose behalf this transaction was conducted." He stated on the form that Rock had received $2 million in cash, through a money order. Defendant also stated that the money order was a "bill of exchange," based on "commercial dishonor accepted for value."

In an attached letter to the IRS, with the heading, "Form 8300, Suspicious Transaction," defendant wrote that he was submitting documents "identifying tax obligations admitted to by . . . Emma Rock." Defendant wrote, "I have given written Notice that the property in question has been accepted, by me, for value and the same is EXEMPT from Levy. That Notice eliminates any exempt status for the claim(s) made by the authors of the

3 - ORDER

correspondence/document(s) in question." Defendant concluded his letter, "The above-mentioned Emma Rock refuse [sic] to provide the value of their claim(s) and are clearly identified as delinquent for the amount of the tax. Please collect the tax accordingly."

Defendant also submitted a letter to the Secretary of the Department of the Treasury, which stated, "The total amount of the NON-NEGOTIABLE (in accord with the Truth-in-Lending Act) 'CHARGE BACK' enclosed is $2,000,000.00 (two million dollars U.S.)." Defendant requested that the IRS "charge back to my Treasury Direct Account Number . . . for the same value and charge my account the fees necessary to secure and register (*for the priority exchange; for the exemption to discharge the public liability in accord with HJR-192*) my personal property (perferred stock/unalienable Rights) and <u>command</u> the memory of account number . . . to charge the same to debtor's Order or your Order."

B.  **Standards**

The court should deny a motion to acquit under Federal Rule of Criminal Procedure 29(c) if, "viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." <u>United States v. Ching Tang Lo</u>, 447 F.3d 1212, 1221 (9th Cir.) (internal quotation marks and citation omitted), <u>cert. dismissed</u>, 127 S. Ct. 33 (2006).

4 - ORDER

Section 7206(1) provides, "Any person who . . . [w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter" shall be guilty of a felony.

> The elements of a violation of 26 U.S.C. § 7206(1) are: (1) the defendant made and subscribed a return, statement, or other document that was incorrect as to a material matter; (2) the return, statement, or other document subscribed by the defendant contained a written declaration that it was made under the penalties of perjury; (3) the defendant did not believe the return, statement, or other document to be true and correct as to every material matter; and (4) the defendant falsely subscribed to the return, statement, or other document willfully, with the specific intent to violate the law.

United States v. Scholl, 166 F.3d 964, 979-80 (9th Cir. 1999) (citing United States v. Marabelles, 724 F.2d 1374, 1380 (9th Cir. 1984)).

### C. Discussion

Defendant reported cash transactions on the 8300 forms. Each of the four persons named in the 8300 forms testified that the reported cash transactions never occurred. The jury could reasonably find that no transactions actually occurred, which made the 8300 forms were incorrect as to a material matter.

The evidence showed that defendant had signed each of the 8300 forms under penalty of perjury. The jury could properly find that the government established that defendant had "made and

5 - ORDER

subscribed" each form.

The jury could properly determine that defendant's statements in the 8300 forms were false, and that defendant did not believe that the statements were true.

The jury also had evidence from which it could conclude that defendant's false statements were material. A false statement is material if it "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." Neder v. United States, 527 U.S. 1, 16 (1999) (internal quotations omitted). For purposes of § 7206(1), "information is material if it is necessary to a determination of whether income tax is owed." United States v. Uchimura, 125 F.3d 1282, 1285 (9th Cir. 1997). Materiality necessarily depends on the facts of each case. Id.

The law does not require proof of actual reliance, only proof that the representations had the natural tendency and capacity to influence the IRS. See United States v. Vaughn, 797 F.2d 1485, 1490 (9th Cir. 1986). Although the 8300 forms and supporting documents indicate that the transactions were, to use the government's description, "nonsensical," the jury could properly find that the statements were both false and material. See United States v. Anderson, 353 F.3d 490, 499 (6th Cir. 2003) ("We reject defendants' contention that it is immaterial as a matter of law to falsely report a transaction on Form 8300 when

6 - ORDER

no transaction has in fact occurred.").

There was also evidence from which the jury could find that defendant acted willfully. Defendant now argues that he intended to "specifically redeem" the four named persons "by defendant's acceptance of their lien (bond of indebtedness held against them) and then discharged the bond of public indebtedness/slavery via defendant's Bill of Exchange." However, willfulness does not require malice, bad faith, or an evil motive, but the voluntary, intentional violation of a known legal duty. Cheek v. United States, 498 U.S. 192, 200-01 (1991). The jury could properly infer from the circumstances and defendant's conduct that he knew his legal duty and voluntarily and intentionally violated that duty. United States v. Marchini, 797 F.2d 759, 766 (9th Cir. 1986).

There was ample evidence of defendant's willfulness. Defendant named four persons against whom he had disputes. Defendant designated the transactions as "suspicious," and stated that the named persons might owe additional taxes.

D. **Speedy Trial Act**

Defendant argues that 77 non-excludable days elapsed from his first appearance to the trial. In the order setting trial for January 9, 2007, I concluded that the Speedy Trial Act had not been violated up to December 13, 2006. Nothing has happened since then to alter my determination.

7 - ORDER

## CONCLUSION

Defendant's motion for arrest of judgment (#70), and motion for judgment of acquittal (#69), are denied.

DATED this ___13___ day of February, 2007.

_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

8 - ORDER